**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KATHIA MARTINEZ : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 20-3851 |
| TRANS UNION, LLC and UNITED : | |
| AUTO CREDIT CORPORATION : | |

**<u>MEMORANDUM</u>**

**SURRICK, J**                                                                                                              **July 18, 2024**

      This case was filed by Plaintiff, Kathia Martinez, alleging violations of the Fair Credit Reporting Act by Defendants Trans Union, LLC ("Trans Union")[*] and United Auto Credit Corporation ("United Auto"). Trans Union filed a Motion for Judgment on the Pleadings, in which United Auto joined. Trans Union was subsequently dismissed by the Court based upon the parties' Stipulation of Dismissal. Accordingly, the Motion is moot as to Trans Union and this Memorandum addresses Plaintiff's allegations against United Auto. Under the Fair Credit Reporting Act, United Auto was obligated to investigate and verify information that was disputed by Plaintiff. Since this information was investigated and verified by Defendant, and the information itself is undisputed by the parties, United Auto is entitled to judgment as a matter of law.

**I.      BACKGROUND**

      **A.  Factual Background**

Plaintiff brought a claim for damages under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., against Trans Union and United Auto. (Compl., ECF No. 1, ¶¶ 1, 5, 6.)

---

[*] Trans Union appears to be publicly branded as "TransUnion." However, in its filings with this Court, it goes by "Trans Union." Accordingly, we refer to it as "Trans Union."

Plaintiff claims that Trans Union is a "consumer reporting agency" and that United Auto is a "furnisher" of information under the FCRA. (*Id.*)

Plaintiff believes that her Trans Union account erroneously reported an outstanding balance of $0 on her United Auto account alongside a late status of "Pay Status: Account 30 Days Past Due Date". (*Id.*, ¶¶ 9, 10.) Plaintiff notified Trans Union of this alleged discrepancy in a dispute letter dated April 26, 2018. (*Id.*, ¶ 11, Ex. A.) After being notified of the dispute letter by Trans Union, United Auto verified the account as accurate and instructed Trans Union to continue reporting based on the disputed credit information. (*Id.*, ¶ 11, Ex. B.)

Plaintiff claims that Trans Union violated its statutory duty under 15 U.S.C. § 1681i(a)(1)(A) to conduct a reasonable investigation into the disputed information. (*Id.*, ¶¶ 27-29.) The existence of the $0 balance alongside the status of "Pay Status: Account 30 Days Past Due Date" is, in Plaintiff's view, sufficient to show a lack of reasonable investigation. (*Id.*, ¶¶ 10, 32.)

Plaintiff further claims that United Auto violated its duty as a furnisher of information under 15 U.S.C. § 1681s-2(b). (*Id.*, ¶ 37.) By verifying allegedly inaccurate information, Plaintiff maintains that United Auto conducted an inadequate investigation. (*Id.*) *See also* 15 U.S.C. § 1681s-2(b).

United Auto admits it was alerted of the dispute letter by Trans Union and that it investigated the dispute. (United Auto Ans., ECF No. 14, ¶ 11.) However, United Auto denies that the disputed information was erroneous. (*Id.*) United Auto asserts that on June 1, 2018, it reported to Trans Union that the status of the account in question was "Paid or closed account/zero balance" and that on certain dates in the past the account had been up to 30 days late. (*Id.*)

### B. Procedural History

The Complaint was filed on August 7, 2020. (Compl.) United Auto filed an answer on October 9, 2020. (United Auto Ans.) Trans Union filed its answer on October 29, 2020. (Trans Union Ans., ECF No. 15.) On February 4, 2021, Trans Union filed a Motion for Judgment on the Pleadings, in which United Auto joined on February 11, 2021. (Trans Union Mot., ECF No. 20; United Auto Joinder, ECF No. 23.) On January 11, 2023, Trans Union was dismissed from the case with prejudice pursuant to the parties' Stipulation of Dismissal. (ECF No. 32.)

## II. LEGAL STANDARD

A court may grant a motion for judgment on the pleadings where there is no material issue of fact to be resolved and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 12(c); *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (E.D. Pa. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290-91 (3d Cir. 1988)). In dealing with a motion for judgment on the pleadings, the Court "accept[s] as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d. Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)).

## I. DISCUSSION

"Congress enacted [the] FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). The FCRA imposes statutory duties on furnishers of information, which are entities that provide consumer information to consumer reporting agencies for use in credit reports. 15 U.S.C. § 1681s-2(b); *Harris v. Pennsylvania Higher Educ.*

*Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87, 90 (3d. Cir. 2017).  A furnisher of information who receives notice of a dispute from a consumer reporting agency must investigate the disputed information, review all relevant information provided by the consumer reporting agency, report the results to the consumer reporting agency within 30 days, report incomplete or inaccurate information to the consumer reporting agency, and "modify, delete, or permanently block" the incomplete or inaccurate information.  *Pulley v. Sterling Bancorp*, No. 20-6109, 2023 WL 2692386, at *3 (E.D. Pa. Mar. 28, 2023); 15 U.S.C. § 11681s-2(b)(1).

While 15 U.S.C. § 1681s-2(b) provides for a private right of action, the furnisher of information's duties are triggered only by the notice of a dispute letter from the consumer reporting agency, rather than directly by the consumer.  *Ruff v. Am.'s Servicing Co.*, No. 07-0489, 2008 WL 1830182, at *4 (W.D. Pa. Apr. 23, 2008); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d. Cir. 2011).  Under this private right of action, "the plaintiff must allege that: (1) she sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information."  *Ruff*, 2008 WL 1830182, at *4 (citing *Jaramillo v. Experian Info. Sol.*, 155 F. Supp. 2d 356, 362 (E.D. Pa. 2001)).  "If a plaintiff fails to allege that a furnisher defendant communicated inaccurate information to a credit reporting agency . . . then the plaintiff has failed to state a plausible violation of the statute."  *West v. Midland Credit Mgmt.*, No. 24-1359, 2024 WL 1718075, at *2 (E.D. Pa. Apr. 19, 2024) (citing *Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019)).

Plaintiff is not entitled to relief in this case because the information that Defendant United Auto communicated to Trans Union was accurate.  United Auto does not dispute that they were notified of a dispute by Trans Union due to Plaintiff's dispute letter.  (Compl., Ex. A, ¶ 11;

4

United Auto Ans., ¶ 11.) In response to Plaintiff's dispute letter, United Auto provided Trans Union with the results of its own investigation into the accuracy of the account information. (United Auto Ans., Ex. A.) This report verified that Plaintiff's account balance was $0. (*Id.*) The report further confirmed that at certain points in 2015 and 2016 the account was up to 30 days late. (*See id.*) This information was already reflected in Trans Union's report and the investigation therefore confirmed the accuracy of that information. (*See id.*; Compl., Ex. B.)

Plaintiff's claim against United Auto is distinguishable from its claim against Trans Union. The crux of Plaintiff's claim against Trans Union is that its report simultaneously showed both a $0 balance and the present status "Pay Status: Account 30 Days Past Due Date." (Compl., ¶¶ 9, 10.) Plaintiff alleges that an account showing a $0 balance and a current late status *in tandem* is inaccurate. (*Id.*, ¶ 30.) However, United Auto never verified that the account was currently late. (United Auto Joinder, ¶ 3.) Rather, United Auto investigated and verified the $0 balance and that, at points in the past, the account *had been* 30 days past due. (*See* United Auto Ans., Ex. A; Compl., Ex. B.) Plaintiff disputes how this information is presented on Trans Union's results, not the information itself. (*Id.*, ¶¶ 3-7; Compl., ¶¶ 10, 37.) Accordingly, United Auto is entitled to judgment as a matter of law.

## II.     CONCLUSION

For the foregoing reasons, United Auto's Motion is granted. An appropriate Order follows.

BY THE COURT:

*R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**
